IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES SCOTT LOFTIS, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-13-910-R |
| ) | |
| THOMAS CARL DUROY, in his individual capacity, ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

COMES NOW Plaintiff, Charles Scott Loftis, and for his cause of action against the Defendant, he alleges as follows:

### JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked for purposes of Plaintiff's 42 U.S.C. § 1983 claim.

2. Venue is proper in this Court, under 28 U.S.C. § 1391(b), because this cause of action was brought in a judicial district were the Defendants reside or may be found at the time this action was commenced and because the Western District of Oklahoma is where a substantial part of the events giving rise to the claim occurred.

### CAUSE OF ACTION
### VIOLATIONS OF 42 U.S.C. § 1983

3. That on or about February 28, 2012, in Kay County, State of Oklahoma, the Plaintiff, Charles Scott Loftis was subjected to an unreasonable seizure of his property in violation of his constitutionally protected rights by Ponca City Police Officer, Tom Duroy, the above named Defendant.

4. **Specifically, the Defendant, Tom Duroy, while acting in his capacity as a police officer with the City of Ponca City and acting under color of state law, illegally obtained a search warrant for the Plaintiff's cell phone by making false allegations in his probable cause affidavit to obtain said search warrant.**

5. **At the time Defendant sought the search warrant of Plaintiff's cell phone, the Defendant was aware that no probable cause existed for the search and seizure but he nonetheless sought and served the search warrant to harass, intimidate and/or injure the Plaintiff.**

6. **The false allegations in the probable cause affidavit drafted by the Defendant for the search warrant for Plaintiff's cell phone were statements purported to have been made to Defendant by an individual by the name of Kayla Dawn Woods. The false allegations made by the Defendant in his search warrant affidavit were as follows:**

   a. "On 2/27/2012 at approximately 1400 hrs, Investigator Hartwig and I, conducted an interview with Kayla Dawn Woods. Woods told us that she received a call from inmate Terome Porter telling her that a package was going to be delivered to her. This package contained pictures and papers that couldn't be delivered to him through jail security, but could be delivered to him by his attorney Scott Loftis. Porter directed Woods to contact Loftis and make arrangements with him for her to deliver the package to Loftis so that he could deliver it to Porter. Woods told us that she contacted Loftis on his cell phone and was told to bring the package to his office at 4:00 pm. Woods told us that she delivered the package to Loftis at his office at approximately 4:50 pm.

   Woods told us that she had previously delivered a package to Loftis at his office for the purpose of having Loftis deliver it to Porter in the jail. Woods told us that the first delivery occurred approximately two to three weeks prior to the delivery of 11/23/2011 and it was handled in the same exact way. Woods told us that the first delivery consisted of one envelope that was just like the three envelopes of the 11/23/2011 delivery. She described all of these envelopes as white envelopes approximately ½ inch to 1 inch thick. Woods told us that she believed that all the envelopes contained marijuana. When asked why she believed this, she told us that she knew what marijuana smelled like and all these envelopes smelled of marijuana. Woods also told us that she knows the first package was delivered to Terome Porter in jail because he called her and told her he

received the package."

7. **On June 5, 2013, an affidavit was obtained from Kayla Dawn Woods and in said affidavit Kayla Dawn Woods refutes the material allegations that are contained in the probable cause affidavit for the search warrant of Plaintiff's cell phone. Specifically, the affidavit obtained from Kayla Dawn Woods stated as follows:**

"I, Kayla Dawn Woods, being of lawful age and duly sworn upon oath, states as follows:
a.     I reside in Ponca City, Kay County, Oklahoma.
b.     On November 23, 2011, I delivered three (3) envelopes to the law office of attorney Scott Loftis at the request of Terome Porter.
c.     At the time Terome Porter requested me to deliver these three (3) envelopes to the law office of Scott Loftis, Terome Porter was an inmate at the Kay County Detention Center.
d.     Later that day, after delivering the three (3) envelopes to the law office of attorney Scott Loftis, I was questioned by Ponca City Police Officer Dana Wilson and was told that Scott Loftis had reported to law enforcement that I had delivered drugs to his office.
e.     Then in late February of 2012, I was questioned by Detective Tom Duroy of the Ponca City Police Department about the delivery of the three (3) envelopes that contained drugs to the law office of attorney Scott Loftis.
f.     Detective Duroy asked me why I delivered those three (3) envelopes to the law office of attorney Scott Loftis and I told him that I had taken a letter to attorney Scott Loftis on an occasion prior to give to inmate Terome Porter.
g.     Detective Duroy asked me if I knew there were drugs inside the three (3) envelopes that I delivered on November 23, 2011 and I told him that I did not know there were drugs inside those envelopes until I was later told that by Ponca City Police Officer Dana Wilson.
h.     Detective Duroy asked me if the letter that I took to attorney Scott Loftis to give to inmate Terome Porter prior to delivering the three (3) envelopes had contained drugs and I told him that I knew for a fact that it did not contain drugs as it was just a letter that I had written to inmate Terome Porter.
i.     At no time during my interview with Detective Duroy did I tell him that I knew drugs were contained in any envelope that I delivered to attorney Scott Loftis.
j.     During the interview I had with Detective Duroy in late February of 2012, I felt like he was trying to scare me into saying that attorney Scott Loftis was involved in illegal drug activity and/or was delivering contraband into the Kay County Detention Center.
k.     I have no knowledge of attorney Scott Loftis having any information, belief, or knowledge that there were drugs in any of the envelopes that I delivered to his office until he discovered such on November 23, 2011 and reported his findings to law enforcement.
l.     I have no knowledge of attorney Scott Loftis being involved in any type of illegal

        activity.

    m.    I have not been intimidated, coerced or promised anything in return for signing this affidavit and I am signing this affidavit on my own free will."

8. **The Fourth Amendment's requirement that a search and seizure be reasonable was clearly established in Oklahoma, and through out the United States, at the time the conduct herein occurred.**

9. **Furthermore, it is a violation of the Fourth Amendment to knowingly and intentionally or with reckless disregard for the truth, include false statements in or omit material facts from an affidavit to support a search warrant.**

## DAMAGES

10. **As a result of the Defendant depriving the Plaintiff of his constitutional rights, the Plaintiff sustained compensatory damages.**

11. **Furthermore, the Defendant acted in reckless or callous indifference to the Plaintiff's constitutionally protected rights and punitive damages should be awarded to the Plaintiff to punish the Defendant and to deter others from similar behavior.**

## PRAYER FOR RELIEF AND REQUEST FOR JURY TRIAL

**WHEREFORE, premises considered, Plaintiff requests a trial by jury and demands judgment against the Defendant for violating his constitutionally protected rights pursuant to 42 U.S.C. § 1983 and prays for compensatory and punitive damages, injunctive relief, attorney fees, costs for prosecuting the action, pre-judgment and post judgment interest, and any further relief this Court deems just and equitable.**

          Respectfully submitted,
          LOFTIS LAW FIRM


          s/ C. Scott Loftis
          C. Scott Loftis, OBA #20086
          LOFTIS LAW FIRM
          2002 N. 14th Street
          Ponca City, OK 74601
          (580) 762-3661 Telephone
          (580) 304-7018 Facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that on October 1, 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant(s):

David W. Lee
Emily B. Fagan
LEE LAW CENTER, P.C.
6011 N. Robinson Avenue
Oklahoma City, OK 73118-7425
Attorneys for Defendant

          S/ C. Scott Loftis
          C. SCOTT LOFTIS