# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES SCOTT LOFTIS, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-13-910-R |
| | ) |
| THOMAS CARL DUROY, in his | ) |
| individual capacity, | ) |
| | ) |
|       Defendant. | ) |

## ORDER

This matter comes before the Court on the Motion for Contempt [Doc. No. 23] and Motion to Compel [Doc. No. 24] filed by Plaintiff, and the Cross-Motion to Quash and Modify Subpoena [Doc. No. 28], filed by non-party Don Bohon, Chief of Police of Ponca City, Oklahoma, who was directed by Plaintiff's subpoena to produce certain documents. The Court previously ordered the subpoena modified in response to a motion filed by Defendant Duroy seeking to quash the subpoena. In an order dated January 16, 2014, the Court limited the discovery sought from the Sheriff to requests 1, 2, 3, 4, 9, 10 and 11, to the extent any responsive materials predated Defendant Duroy's February 27, 2012 affidavit, which Plaintiff alleges contains material misstatements or omissions. Thereafter, the instant motions were filed, which the Court shall address in turn.

The Court DENIES Plaintiff's Motion for Contempt. A timely objection letter was sent to Plaintiff by counsel for the City of Ponca City. Such objection ended any obligation to respond absent an order of the Court in response to a motion to compel by Plaintiff

directed to the Chief of Police. As such, Plaintiff is not entitled to a finding of contempt, because Chief Bohon was not obligated to respond. The Court next considers Chief Bohon's objections to Plaintiff's discovery.

First, Chief Bohon believes that the discovery sought from him is overly broad. The Court concludes that certain of the categories of discovery sought as they relate to Plaintiff's claim against Defendant Duroy, even with the date parameters imposed by the Court's prior order, are overly broad, and modifies the obligation to respond as set forth herein. The Court concludes, however, that not all of the discovery sought is overly broad.

> (1) A copy of any and all incident reports, police reports, case records, Oklahoma State Bureau of Investigation narrative reports, summaries, probable cause affidavits for search warrants whether served or unserved and search warrant returns from served search warrants all of which were produced during the investigation of Charles Loftis and/or pertain to Charles Scott Loftis;
> (2) A copy of any and all chain of custody logs and/or disposal reports regarding the marijuana and other drugs taken from the law office of Charles Scott Loftis on November 23, 2011;
> (3) A copy of any and all audio/video recordings of any interviews and/or interrogations of any witnesses and/or suspects during the investigation of Charles Scott Loftis;
> (4) A copy of any and all audio and/or video surveillance, phone taps, wire taps and any other type of electronic surveillance conducted during the investigation of Charles Scott Loftis;
> (9) A copy of any and all phone records, text messages, voice mail messages, pictures, video and any other data that was extracted from the cell phone of Kayla Dawn Woods at any time during the investigation of Charles Scott Loftis;
> (10) A copy of any and all phone records, text messages, voice mail message, pictures, video and any other data that was extracted from the cell phone that Kay County Detention Center inmate Terome Porter was found in possession of on November 30, 2011;
> (11) a copy of any and all narrative reports and/or summaries written by Tom Duroy, Jim Sherron, Anthony Rogers and Dana Wilson regarding Charles

Scott Loftis.

The issue herein is what Defendant Duroy knew or should have known when he executed the affidavit in support of the search warrant on February 27, 2012. Presumably the factual assertions in Defendant's affidavit were the result of an investigation conducted by Defendant Duroy and other officers of the Ponca City Police Department, and what Defendant Duroy knew may be gleaned from the discovery sought and compared to what Ms. Woods now contends she told Defendant Duroy.[1]

Chief Bohon contends that Plaintiff is attempting to extract information helpful to ongoing criminal proceedings in this civil action. The Court notes, however, that this action was initiated by Plaintiff before criminal charges were filed against him. Furthermore, the timing of his discovery is not inherently suspect, because according to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff could not conduct discovery until after the Court issued a case management order, which occurred on November 26, 2012. Accordingly, although the subpoena was issued on December 23, 2013, after Plaintiff was indicted in the District Court of Kay County, the Court does not conclude that its purpose was solely to obtain discovery to assist in his criminal defense.

With regard to request 1, the Court finds that Plaintiff is entitled to discovery of responsive documents limited to the time period before February 27, 2012, but only to the

---

[1] With regard to Request 10, the Court finds that discovery should be limited to copies of phone records, text messages, voice mail message, pictures, video and any other data that extracted from the cell phone found in the possession of Kay County Detention Center inmate Terome Porter on November 30, 2011 that relate to Plaintiff herein and the statements in Defendant Duroy's affidavit.

3

extent that the responsive information was generated by or relied upon by Defendant Duroy with regard to his execution of the affidavit in support of the search warrant.

The Court agrees with Chief Bohon and that discovery sought in request 2 is not likely to lead to evidence relevant to the issue of the probable cause determination, because it is irrelevant, at this juncture and perhaps throughout this case, what happened with those drugs. The Court further concurs with Chief Bohon that with regard to the request 3 that discovery should be limited to audio/video recordings of any interviews or interrogations of Ms. Woods prior to February 27, 2012.

With regard to requests 3 and 4, the Court's prior time limitation applies, and this appears to be Chief Bohon's objection to these requests.

The Court previously concluded that the discovery sought in requests 7, 8 and 12 was not proper, and this ruling persists at this time. With regard to request 9, to the extent Chief Bohon claims that the police did not extract information from Ms. Woods' telephone prior to February 28, 2012, the Court concludes that Chief Bohon cannot be compelled to produce evidence that does not comport with the request under the Court's revised date limitations.

With regard to the telephone confiscated from Terome Porter, as requested in 10, the Court finds that Plaintiff is entitled to information extracted or gleaned from Porter's illegal cellular phone upon which Defendant Duroy relied in seeking a warrant to search Plaintiff's telephone. It is not incumbent on Plaintiff to allege that the information in the warrant regarding the number of calls and texts was false in order to compel discovery of this information. The information provided, however, should be limited in scope to records, text

4

and voice messages, pictures, video and other data related to Plaintiff and the issues raised in the probable cause affidavit executed by Defendant. The same limitation applies to Plaintiff's request 11, with regard to reports and summaries written by Defendant Duroy, Jim Sherron, Anthony Rogers and Dana Wilson.

With regard to all of the information sought, Chief Bohon argues that the Court should quash the requests not related to the state court's probable cause determination until after the State discloses the evidence against Mr. Loftis in his criminal proceedings. The Court concludes that the limitations imposed above are sufficient to both protect the State's interest in the criminal proceedings and Mr. Loftis' interest in pursuing this case in a timely manner. To the extent Chief Bohon is concerned with public disclosure of any discovery responses, he is free to file a motion seeking a protective order limiting the dissemination of documents produced.

Finally, Chief Bohon contends that Oklahoma law protects investigatory files until five days before a preliminary hearing or the date set for the State to make disclosures following arraignment. The Court concludes that Chief Bohon has failed to establish that any of the information sought is privileged. In a federal civil rights case, issues of privilege are determined under federal law. *Seabolt v. City of Muskogee*, 2008 WL 2977865 (E.D.Okla. July 30, 2008) (citing *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D.Cal. 1987)). The limited production ordered in this case should not unduly interfere with the prosecution of Mr. Loftis for the crimes charged in the District Court of Kay County despite the ongoing nature of those proceedings. To the extent there is a law enforcement privilege, to assert

such a privilege, "the responsible official in the department must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why information falls within the scope of the privilege." *United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981). Chief Bohon provided a log listing privileged documents, many of which are excluded from production due to the Court's date restriction. With regard to certain of the other items, the list itself does not indicate to which portion of the subpoena the particular item would be responsive, and the identifying information is insufficient to permit the Court to conclude that the items should be protected from discovery.[2] With regard to items 1 and 2 on the list contained in Exhibit 4, however, dated November 23 and 29 2011, and relating to Kayla Woods, the Court cannot conceive how a request for warrant and warrant for Ms. Woods from that date are relevant to which the affiant knew or should have known when executing the affidavit in support of the search warrant.

As set forth above, the subpoena issued by Plaintiff to Chief Bohon is modified, and the motion to quash is granted in part and denied in part consistent with the Court's findings above. Furthermore, the motion to compel is similarly granted in part and denied in part.,

---

[2] There are two pages of audio recordings of witness interviews listed, Exhibit 5, none of which has a date or describes the substance of what should be protected from the interviews with the persons identified. However, the Court has limited the production to recordings of Ms. Woods, making the issue of privilege with regard to the other interviews moot for the time being. The remaining items on Exhibit 5 should be produced unless they are excluded by the Court's instructions and rulings as set forth herein.

Additionally, item 4 of Exhibit 4 indicates text messages from Loftis' phone, which presumably were discovered after the warrant at issue herein was executed, and therefore are not subject to discovery at this time.

and Plaintiff's motion for contempt is denied.

IT IS SO ORDERED this 28th day of February, 2014.

_David L. Russell_
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**