IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES SCOTT LOFTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-910-R |
| | ) | |
| THOMAS CARL DUROY, in his individual capacity, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant has filed a motion for summary judgment raising the issue of qualified immunity, to which Plaintiff has responded. The Court has reviewed the briefs filed in support of and in opposition to the motion, and in doing so, has determined that certain issues should be raised *sua sponte*. Specifically, the Court hereby informs the parties of its concerns regarding the need to stay this case pending the outcome of the ongoing state court criminal proceedings against the Plaintiff, Charles Scott Loftis pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

The Tenth Circuit has described *Younger* abstention:

> Under the *Younger* abstention doctrine, federal courts should not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when a state forum provides an adequate avenue for relief. *Younger* abstention is non-discretionary; the district court must abstain once the conditions are met, absent extraordinary circumstances.

\*\*\*

> A federal court must abstain from exercising jurisdiction when : (1) there is an ongoing state criminal, civil or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Weitzel v. Division of Occupational and Prof'l Licensing of the Dep't of Commerce,* 240 F.3d 871, 875 (10th Cir. 2001)(internal citations omitted). Where, as here, the plaintiff seeks damages rather than injunctive relief, the Court should not dismiss the action, but rather stay proceedings until completion of the state court action, which precludes interference with the state court proceedings while simultaneously preserving the availability of civil claims for which the statute of limitations might run before termination of the state court proceedings. *D.L. v. Unified School District No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

This case falls squarely within the confines of *Younger*. Plaintiff is currently a defendant in a criminal action, which is related to the search that he is currently challenging under § 1983 by challenging Defendant Duroy's affidavit. Additionally, Plaintiff may challenge the affidavit and attendant search in state court during the criminal proceedings, and "the State's interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).[1] Accordingly, the Court hereby informs the parties of its intention to stay this action pending the outcome of criminal proceedings, unless the parties can establish that *Younger* does not

---

[1] Raising the issue *sua sponte* is consistent with Tenth Circuit authority. *Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir.1996).

apply. To that end, the parties are hereby ordered to submit simultaneous briefs on the issue not later than April 21, 2014.

    IT IS SO ORDERED this 9th day of April, 2014.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE